IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT A. KIRBY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3286-M-BK |
| | § | |
| CITIBANK, N.A., *et al.*, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Now before the Court is *Plaintiff's Motion to Remand*, Doc. 5. For the reasons that follow, it is recommended that the motion be **DENIED**.

**I. BACKGROUND**

The underlying facts of this case arise from a dispute over the collection of a debt owed by Plaintiff, a lawyer. On June 5, 2014, Plaintiff filed a *pro se* petition in state court that alleged violations of the Texas Debt Collection Act and Deceptive Trade Practices Act, and claims for defamation and negligent misrepresentation. Doc. 1-1 at 8–10. In his *Original Petition*, Plaintiff stated his damages as follows:

> 19.    As a result of Defendant[s'] unlawful conduct, Mr. Kirby was denied a home improvement loan in the amount of $50,000 and denied favorable interest rates on an estimated $40,000 car loan. Mr. Kirby seeks actual and exemplary damages, as well as costs of court and attorney fees under TEX. FINANCE CODE § 392.403. . . .
>
> 22.    Defendants' acts were done knowingly, intentionally, and caused Mr. Kirby damages in the form of lost credit. Mr. Kirby seeks actual damages and treble damages under TEX. BUS. & COM[M]. CODE § 17.50(b)(1). Mr. Kirby also seeks attorney's fees under TEX. BUS. & COMM. CODE § 17.50(d). . . .
>
> 23.    Defendants['] actions were done negligently or with malice, and caused Mr. Kirby damages in the form of lost credit. Mr. Kirby seeks actual and exemplary damages.

Doc. 1-1 at 8–10.  On September 9, 2014, Defendants Midland Credit Management Inc. and Midland Funding LLC (the "Midland Defendants") filed special exceptions pointing out that Plaintiff did not specify the maximum dollar amount claimed as damages as required by Texas Rule of Civil Procedure 47.  Doc. 5-3 at 2–3.  As a result, Plaintiff amended his petition on September 10, 2014, to seek monetary relief "over $200,000 but not more than $300,000."  Doc. 5-4 at 2.

The Midland Defendants removed the case to this Court on September 11, 2014, asserting diversity jurisdiction and timeliness of the notice of removal on the grounds that Plaintiff's amended petition "revealed, for the first time, that the amount in controversy exceeds $75,000."  Doc. 1 at 2–3.  Specifically, the Midland Defendants noted that the state court action was "not removable on the basis of Plaintiff's Original Petition because it did not allege a specific amount of damages, nor was it otherwise apparent from the allegations in the Original Petition that more than $75,000 was in controversy."  Doc. 1 at 2 n.1.  Defendant Citibank, N.A. consented to the removal.  Doc. 1 at 6.

Plaintiff filed the motion *sub judice* on September 15, 2014, arguing that the *Original Petition* alleged a $50,000 loss of credit and loss of favorable interest rates on a $40,000 car loan, which, when combined with Plaintiff's request for treble damages, exemplary damages, and attorney's fees well exceeds the $75,000 statutory requirement.  Doc. 5 at 1–2, 4.  Plaintiff moves for fees and costs associated with prosecuting his motion to remand.  Doc. 5 at 6–11.

Defendants respond that Plaintiff's loss of credit reputation claim did not establish the amount in controversy, Doc. 9 at 5–6, and that waiting to remove until specific damages are alleged to avoid an "amount dispute" is the approach counseled by the Court of Appeals for the Fifth Circuit, Doc. 10 at 5–6.

In his reply, Plaintiff objects to Defendant Citibank's inclusion of a copy of his demand letter in their response. He requests an order striking the demand letter attached to Citibank's response and requiring Defendants to show cause why they should not be held liable under Rule 11(b) of the Federal Rules of Civil Procedure for revealing "privileged and confidential settlement communications." Doc. 11 at 4.

## II.   APPLICABLE LAW

A defendant may remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). A district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The notice of removal must be filed within 30 days after receipt of a copy of the state court petition or service of the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1).

If the initial pleading does not "trigger the thirty-day removal clock," a notice of removal must be filed within 30 days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable. *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 398 (5th Cir. 2013) (citing 28 U.S.C. § 1446(b)). The 30-day removal period is "triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Id.* at 399 (quoting *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992)) (emphasis in original). The Court of Appeals for the Fifth Circuit has noted that *Chapman* lays out a bright line rule requiring the plaintiff, if he wishes the 30-day time period to run from the defendant's

3

receipt of the initial pleading, to place in the initial pleading a "specific allegation that damages are in excess of the federal jurisdictional amount," thus providing notice to defendants that the removal clock had been triggered.  *Id.* (quoting *Chapman*, 969 F.2d at 163).

### III.  DISCUSSION

The Court finds that Plaintiff's *Original Petition* failed to trigger the removal clock because Plaintiff did not specifically allege that the damages sought are in excess of the federal jurisdictional amount.  *Id.*  Despite Plaintiff's contentions, the Fifth Circuit's requirement of such a statement is clear and has been interpreted accordingly.[1]  Defendants are correct that Plaintiff only stated that he was denied a $50,000 home improvement loan and denied favorable interest rates on a car loan, which are factual assertions and not allegations of damage amounts, much less allegations that damages are in excess of the federal jurisdictional amount.  Doc. 1-1 at 8. At most, Plaintiff identified the categories of damages sought: "actual and exemplary damages," "treble damages," and "damages in the form of lost credit."  Doc. 1-1 at 8–10.  He did not allege that he sought to recover the full amount of the loan he was denied or the difference in unfavorable interest he wound up paying on the car loan.

Even though Texas courts do recognize that loss of credit is recoverable as actual damages in a suit where damage to credit was the result of the defendant's actions, *Mead v. Johnson Grp.*, 615 S.W.2d 685, 688 (Tex. 1981), Plaintiff's claim for "damages in the form of

---

[1] Not only have many other courts of appeals adopted this bright line rule, but district courts in this Circuit have interpreted the rule literally.  *See e.g.*, *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) (requiring a "specific, unequivocal statement" regarding damages sought); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (starting the clock when the plaintiff "explicitly specifies the amount of monetary damages sought"); *Gayden v. Winn-Dixie Montgomery, Inc.,* No. 13-CV-6232, 2014 WL 433503 at *4 (E.D. La. 2014) (noting that the plaintiff did not explicitly state in her petition that damages exceeded the federal jurisdictional amount and starting the clock upon the plaintiff's admission that the amount in controversy exceeded $75,000); *Torres v. Hobby Lobby Stores, Inc.*, No. 13-CV-0187, 2013 WL 5917153 at *4 (W.D. Tex. 2013) (starting clock only if the pleading contains a specific allegation that damages are in excess of the federal amount).

lost credit" in his original petition was not specific enough; at a minimum, he had to allege the specific amount of his loss of credit injury to put Defendants on notice. *See EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 872 – 73 (Tex. App.—Dallas 2008) (requiring a showing of injury as well as proof of the amount of that injury). Because he did not, Plaintiff's allegations of loss of credit were not specific enough to put Defendants on notice that the damages sought were "in excess of the federal jurisdictional amount." *Mumfrey*, 719 F.3d at 399.

Furthermore, Plaintiff's post-complaint demand letter, apparently sent prior to the filing date of Plaintiff's amended petition, evinces an amount in controversy less than $75,000.[2] Doc. 9-1. While the Fifth Circuit has not addressed the issue of post-complaint demand letters, it has allowed pre-suit demand letters to be submitted to demonstrate whether the amount in controversy exceeds $75,000. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); *see also King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim). Thus, the Court finds the requirement of $75,000 in controversy was not affirmatively revealed on its face Plaintiff's *Original Petition*, and thus, the 30-day removal clock was not triggered.

---

[2] Plaintiff's objection on the basis of the rules of evidence is unavailing. As exemplified in the cases cited herein, demand letters are properly considered by the courts of this circuit to determine whether the amount in controversy meets the threshold of $75,000 for jurisdictional purposes. See also Carroll v. Stryker Corp., 658 F.3d 675, 681 n.2 (7th Cir. 2011) (while settlement offers are inadmissible to prove liability under Rule 408, they are admissible to show that the amount in controversy for jurisdictional purposes has been met).

## IV.  CONCLUSION

Accordingly, it is recommended that *Plaintiff's Motion to Remand*, Doc. 5, be **DENIED**. Both Plaintiff's request for costs and fees and request for an order to show cause should likewise be **DENIED**.

**SO RECOMMENDED** on November 5, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE