IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT A. KIRBY,       Plaintiff, | §§§ | |
| v. | §§ | Civil Action No. 3:14-CV-3286-BK |
| CITIBANK, N.A., *et al.*,       Defendants. | §§§ | |

### ORDER

Now before the Court is *Plaintiff's (1) Motion for Reconsideration, (2) Objections to, Findings, Conclusions, and Recommendations, and Alternatively, (3) Motion for an Order Certifying Interlocutory Appeal*, Doc. 27. For the reasons that follow, the requested relief is **DENIED**.

The factual and procedural background of this case are set forth in the Court's *Findings, Conclusions, and Recommendation*, Doc. 22, and need not be recounted here. Plaintiff requests the Court reconsider its decision denying his motion to remand this case to state court, arguing that, due to a "split of authority" among the district courts in interpreting timeliness disputes, the Court misconstrued the law in *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013).[1]

Plaintiff appears to imply that *Mumfrey*, an opinion of the Fifth Circuit Court of Appeals interpreting its earlier opinion in *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), is deficient because it fails to specifically address a "split of authority" as to "interpretations of *Chapman*," Doc. 28 at 14, and because it "added to the ongoing confusion as to the applicable rule from *Chapman*," Doc. 28 at 16. The Court rejects this argument. It is

---

[1] Plaintiff also requests reconsideration of the Court's review, over his objection, of a post-complaint demand letter from Plaintiff to Defendant Citibank in connection with his motion to remand. Doc. 28 at 18–19. The Court declines to reconsider the matter because Plaintiff merely rehashes his original arguments.

axiomatic that the Fifth Circuit is not obligated to resolve splits in reasoning among its district courts.  Rather, the opinion of the Court of Appeals is precedent.  As Defendants note, Plaintiff has failed to cite any post-*Mumfrey* case interpreting the *Chapman* rule in support of his assertion that a split of authority exists.  Doc. 37 at 5.  Thus, *Mumfrey* remaining good law, this Court is obligated to follow it, rather than any conflicting opinions of lower courts.

In *Mumfrey*, the Fifth Circuit clearly and unequivocally held the *Chapman* rule remains: that is, that the "thirty-day clock is not triggered unless the initial pleading 'affirmatively reveals on its face' that the plaintiff's sought damages [exceed] the jurisdictional amount."  *Mumfrey, 719 F.3d at 400* (quoting *Chapman, 969 F.2d at 163*).  The removal clock is triggered when the plaintiff includes a "specific allegation that damages are in excess of the federal jurisdictional amount."  *Mumfrey, 719 F.3d at 400*.  This is wholly consistent with the holding in *Chapman* that

> the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.

969 F.2d at 163.  Thus, any so-called split in authority was rendered moot by *Mumfrey*, which the Court applied in this case.  Plaintiff is not entitled to reconsideration on this basis.

That notwithstanding, Plaintiff also is not entitled to remand under the "prevailing view" for which he advocates -- that his *Original Petition* "affirmatively revealed on its face" that he sought more than $75,000 in damages.  Damages for loss of credit reputation requires a showing that the "inability to obtain a loan 'resulted in injury and proof of the amount of that injury.'"  *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 199 (Tex. 1998) (quoting *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, (Tex. 1998)).  In other words, the denial of a loan is not by

itself the injury from which a plaintiff can obtain loss of credit damages -- a plaintiff must articulate the injury sustained when credit is denied. *Tex. Mut. Ins. Co. v. Morris*, 287 S.W.3d 401, 429 (Tex. App.—Houston [14th Dist.] 2009) (finding evidence legally insufficient to support loss of credit damages because the plaintiff did not identify the injury suffered when he was denied a home mortgage and loan for a washing machine), *rev'd on other grounds by* 383 S.W.3d 146 (Tex. 2012).

Here, Plaintiff alleges in his *Original Petition* that he was denied a $50,000 home improvement loan and favorable interest rates on a $40,000 car loan. Doc. 28 at 16 (quoting Doc. 1-1 at 9–10). However, under the applicable state common law, $50,000 is not the injury or the specific amount of an injury; it is merely a factual allegation as to the amount of the denied loan. *Morris*, 287 S.W.3d at 429. Loss of credit damages do not necessarily correlate dollar-for-dollar to the injury amount, *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 873 (Tex. App.—Dallas 2008) ($15,000 award for loss of credit when the injury was over $150,000), much less to the amount of credit denied. Moreover, Plaintiff's car loan allegation offered no notice to Defendants regarding a damage amount. Though Plaintiff provided the amount of the loan, damages ostensibly would be the difference between the favorable interest rate and the rate actually offered to Plaintiff. *See Jones*, 252 S.W.3d at 873 (affirming jury award of loss of credit damages where the plaintiff showed the difference between his payments with good interest rates and with bad interest rates). Thus, the *Original Petition* did not affirmatively reveal on its face that Plaintiff's damages were in excess of $75,000. *Mumfrey*, 719 F.3d at 400.

In light of the foregoing, the Court declines to certify this question for interlocutory appeal. To make the requested certification, the court must be of the opinion (1) that the order involves a controlling question of law, (2) as to which there is a substantial ground for difference

of opinion, (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). At a minimum, the Court concludes that the second factor is not met because there is not a substantial ground for a difference of opinion.

Accordingly, *Plaintiff's (1) Motion for Reconsideration, (2) Objections to, Findings, Conclusions, and Recommendations, and Alternatively, (3) Motion for an Order Certifying Interlocutory Appeal*, Doc. 27, is **DENIED**. In light of the parties' subsequent consent to proceed before the magistrate judge and the district judge's reassignment of this case, the Court's *Findings, Conclusions, and Recommendations*, Doc. 22, are hereby **VACATED** and contemporaneously **RE-ISSUED** as an order of the Court denying *Plaintiff's Motion to Remand*, Doc. 5.

**SO ORDERED**, January 5, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE